IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSI WARING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Now comes the Plaintiff, JESSI WARING ("Waring" or Plaintiff"), by her attorneys, MARK D. DEBOFSKY, and DEBOFSKY, SHERMAN & CASCIARI, P.C., and complaining against the Defendant, GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY ("Great-West"), she alleges as follows:

**JURISDICTION**

1. This is an action between citizens of two different states. The Plaintiff, at all times relevant hereto, was a citizen of the State of Wyoming. Defendant, Great-West, is a citizen of the State of Colorado, its state of incorporation and where it has its principal place of business. The matter in controversy involves an amount in excess of $75,000, exclusive of interest or costs. Therefore, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.

**VENUE**

2. Because this claim arises out of a policy issued by Great-West to the American Dental Association in Chicago, Illinois for the benefit of its members, including Plaintiff, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## NATURE OF ACTION

3. This is a claim for breach of the terms and conditions of a certificate of disability income insurance (Certificate Number 774130586) (Group Policy 1105GDH IPP) ("Policy") issued to Plaintiff in April 2011, which, in consideration of premiums paid, promised to pay disability income payments to Plaintiff in the amount of $5,300 per month (with annual cost of living increases) commencing as of the 91st day following the onset of disability, and payable until the policy anniversary following Plaintiff's 65th birthday in the event the insured becomes "disabled" as that term is defined in the policy (a true and accurate copy of the Policy is attached hereto and by that reference incorporated herein as Exhibit "A"). In the alternative, Plaintiff seeks a declaratory judgment to determine the respective rights and responsibilities of the parties.

## PARTIES

4. At all times relevant hereto, Plaintiff, who is currently age 38 (born in 1979), is and was a resident of Casper, Wyoming; and is licensed as a dentist in the State of Wyoming. At all times relevant hereto, Plaintiff was a member of the American Dental Association.

5. The Defendant, Great-West, is a life and disability insurance company, as well as a financial investment company; and on information and belief, a citizen of the State of Colorado incorporated in and which has its principal place of business in the State of Colorado. At all times relevant hereto, Great-West was engaged in the business of insurance throughout the United States and in this District. Defendant also sold a group policy of disability income insurance to the American Dental Association in Chicago, Illinois, for the benefit of its members, including Plaintiff.

## RELEVANT POLICY PROVISIONS

6. For and in consideration of premiums paid, in April 2011, Great-West issued

Waring the subject certificate of individual disability income insurance from the State of Illinois; and Waring paid premiums to maintain that policy in full force and effect thereafter.

7. The provision of the Policy relevant to Plaintiff's claim for individual disability income benefits provides as follows:

> **Totally Disabled** and **Total Disability** means the following conditions are met:
>
> (A) due to an **Accident** or **Sickness**, an insured **Member** is unable to perform the substantial and material duties of his profession or occupation;
>
> (B) a **Member** who qualifies as **Residually Disabled** will not be considered **Totally Disabled** during any time he is **Residually Disabled;** and
>
> (C) the **Member** is under the **Regular Care of a Physician**.
>
> If the insured **Member** is a practicing dentist performing clinical dentistry, profession or occupation means the clinical practice of either general dentistry or one of the special areas of dental practice approved by the **Association**.
>
> **Residually Disabled** and **Residual Disability** means that all of the following conditions are met:
>
> (A) due to an **Accident** or **Sickness**, an insured **Member** is able to do some, but not all of the substantial and material duties of his profession or occupation, or is able to do all of the substantial and material duties of that profession or occupation but for less than full-time;
>
> (B) the **Member** is not **Totally Disabled**; and
>
> (C) the **Member's** "Monthly Income" from all sources during a month does not exceed 80% of his pre-disability "Prior Monthly Income" (as defined in the RESIDUAL DISABILITY PROVISION);
>
> (D) the **Member** is under the **Regular Care of a Physician**.
>
> If the insured **Member** is a practicing dentist performing clinical dentistry, profession or occupation means the clinical practice of either general dentistry or one of the special areas of dental practice approved by the **Association**.

## STATEMENT OF FACTS

8. Plaintiff was employed and was practicing on a full-time basis as a licensed general clinical dentist in Casper, Wyoming until September 10, 2013, when she had to cease regularly practicing as a general dentist due to cervicalgia, which was later diagnosed as occipital neuralgia.

9. Shortly after she ceased working, Plaintiff submitted a timely application for benefits under the Policy, submitting proof that she was totally disabled as of the date she ceased working.

10. Upon receipt and review of Plaintiff's claim and supporting proof of loss, Great-West denied the claim for total disability benefits on July 15, 2016.

11. Following Great-West's denial of benefits, Plaintiff submitted an appeal to Great-West, which included additional proof establishing her total disability under the definition stated above.

12. Instead of approving Waring's claim for benefits following its receipt of valid and complete proof of loss, Great-West determined that Waring was residually disabled based on her limited ability to administer Invisalign®, an orthodontic service, following her claimed onset of disability.

13. Defendant's denial of Plaintiff's claim benefits is unreasonable and without cause or basis. Waring was not an orthodontist prior to the onset of her disability; she was a full-time general practice dentist. Moreover, Plaintiff's condition limits her ability to work as a dentist to such an extent that she is totally disabled on account of her inability to maintain a viable dental practice.

14. The evidence submitted to Defendant establishes conclusively and without reasonable debate that Plaintiff has been continuously unable to perform the substantial and material duties of her occupation as a general clinical dentist since September 2013; and thus she

has met and continues to meet the Policy's definition of "total disability." Accordingly, Defendant's refusal to recognize Plaintiff as totally disabled constitutes a breach of contract and was unreasonable and vexatious. As a direct and proximate result of the foregoing, Plaintiff is entitled to recover all disability income benefits that have accrued since September 2013, along with 9% interest on all unpaid and overdue benefits pursuant to 215 ILCS 5/357.9., and both penalties and attorneys' fees pursuant to 215 ILCS 5/155.

15. Plaintiff also seeks a declaration that under the terms and conditions of the Policy, she must be deemed Totally Disabled as that term is defined in the Policy since the date of her claimed disability onset.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter a judgment against Defendant in an amount equal to the accrued amount of benefits due through the date of judgment plus interest thereon, as well as penalties and attorneys' fees;

B. In the alternative, that the Court enter a declaratory judgment finding that Plaintiff has been and is "Totally Disabled" under the terms of the Policy with all rights and benefits flowing therefrom; and further finding that Defendant must evaluate her claim as a Total Disability claim so long as the status quo continues and she remains unable to perform the duties of a general clinical dentist.

C. That Plaintiff be awarded any and all other relief to which she may be entitled under the Policy, along with her costs of suit.

**JURY DEMAND**

Plaintiff demands trial by jury as to any claims stated herein which are triable to a jury.

Dated: April 2, 2018

Respectfully submitted,

/s/ Mark D. DeBofsky

Mark D. DeBofsky
One of the Attorneys for Plaintiff
Jessi Waring

Mark D. DeBofsky
Marie E. Casciari
DeBofsky, Sherman & Casciari, P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
Voice (312) 561-4040
Fax (312) 929-0309
Email mdebofsky@debofsky.com